UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Local 150 IUOE Vacation Savings Plan; Construction Industry Research and Service Trust Fund; and International Union of Operating Engineers, Local 150, AFL-CIO, <br><br> Plaintiffs, <br> v. <br><br> Buddy's Landscape-Construction, Inc., <br><br> Defendant. | Civil Action <br><br> No. 19-cv-1236 |

## COMPLAINT

Plaintiffs Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Local 150 IUOE Vacation Savings Plan; ("the Funds"); Construction Industry Research and Service Trust Fund ("CRF"), and International Union of Operating Engineers, Local 150, AFL-CIO ("Local 150" or "the Union"), bring this action to collect delinquent fringe benefit contributions and administrative dues and to compel an audit of Defendant, Buddy's Landscape-Construction, Inc. ("Buddy's" or "the Company").

### COUNT I – FUNDS' SUIT FOR DELINQUENT CONTRIBUTIONS

1. The Union is an employee organization under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(4); and a labor organization under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(5).

2. Defendant Buddy's is an "Employer" within the meaning of ERISA, 29 U.S.C. § 1002(5) and an "Employer" within the meaning of the LMRA, 29 U.S.C. § 152(2). It is a corporation engaged in the construction industry with its principal office in Forest Park, Illinois.

3. The Funds are "employee welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1002(3).

4. This Court has jurisdiction over this action pursuant to ERISA, 29 U.S.C. §§ 1132, 1145 and 28 U.S.C. § 1331, because ERISA is a federal statute.

5. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA because the Funds are administered in Cook County, Illinois.

6. The Company identified Christopher Cail as President (Exhibit A).

7. On January 1, 2015, the Company through Christopher Cail signed two Memoranda of Agreement with the Union; one that adopted the terms of a collective bargaining agreement with the Illinois Landscape Contractors Bargaining Association (Plantsmen) (Exhibit B), (excerpts of the agreement attached as Exhibit C); and the other (Exhibit D) that adopted the terms of a collective bargaining agreement with the Contractors Association of Will & Grundy Counties (excerpts of the agreement attached as Exhibit E), (collectively "CBAs").

8. The CBAs and the Agreements and Declarations of Trust incorporated therein require Buddy's to make fringe benefit contributions to the Funds.

9. The CBAs and Trust Agreements additionally require Buddy's to:

(a) Submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBAs;

(b) Compensate the Funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of ten percent of untimely contributions, or twenty percent of such contributions should the Funds be required to file suit;

(c) Pay interest to compensate the Funds for the loss of investment income;

(d) Make its payroll books and records available to the Funds for the purpose of an audit to verify the accuracy of past reporting, and pay any and all costs

        incurred by the Funds in the audit where it is determined that the Company was delinquent in the reporting or submission of contributions;

(e)     Pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to require Buddy's to submit its payroll books and records for auditing or the recovery of delinquent contributions;

(f)     Furnish to the Funds a bond in an amount acceptable to the Funds.

10.     Buddy's is delinquent and has breached its obligations to the Funds and its obligations under the Plans by its refusal to submit delinquent fringe benefit contributions as requested by the Funds.

11.     The CBAs also require Buddy's to make contributions to CRF. CRF is a labor management cooperative committee as that term is defined under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186 (c)(9). The CBAs place the same obligations on Buddy's with respect to CRF as it does the Funds.

12.     The CBAs further require Buddy's to deduct administrative dues from employees' wages and remit those dues to the Union on a monthly basis utilizing a form remittance report. Where Buddy's does not do so, the Union is entitled to liquidated damages, attorneys' fees and any other cost of collection.

13.     Buddy's has become delinquent in the submission of its reports and contributions due the Funds and CRF, and reports and dues to the Union. As a result of this delinquency, it owes the Funds and CRF contributions, liquidated damages, and interest, and dues and liquidated damages to the Union.

14.     The Funds have demanded that Buddy's perform its obligations stated above, but the Company has failed and refused to so perform (Exhibit F).

15.     ERISA states: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained

agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

16. Where an employer fails to submit contribution reports and contributions timely, ERISA permits the Funds to file suit under ERISA to collect the fringe benefit contributions, liquidated damages, interest, attorneys' fees and costs. ERISA also permits the Funds to seek an injunction that requires submission of outstanding reports so that the Funds may determine whether additional sums are due to the Funds. Alternatively, the Funds may seek an audit to establish whether such sums are due, and/or estimate the amounts due.

17. Buddy's has violated ERISA and breached the CBAs and the Trust Agreements because it has failed to timely submit its reports and contributions to the Funds and refused to pay liquidated damages and interest that has accrued.

18. Upon careful review of all records maintained by the Funds, and after application of any and all partial payments made Buddy's, there is a total of $29,211.41 known to be due the Funds from Buddy's, before the assessment of fees and costs, and subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, the Funds respectfully request that the Court:

A. Enter judgment in favor of the Funds and against Buddy's for all unpaid contributions as identified in Buddy's contribution reports;

B. Enjoin Buddy's to perform specifically its obligations to the Funds, including submission of the required reports and contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA;

C. Enjoin Buddy's at the Funds' option to submit to an audit of its payroll books and records in order to determine whether Buddy's owes additional sums to the Funds, and pay the costs of such an audit; or alternatively at the Funds' option require Buddy's to pay any contributions reasonably

        estimated to be due by the Funds for the period when Buddy's failed and refused to timely submit contribution reports;

D.    Enter judgment against Buddy's and in favor of the Funds for liquidated damages, interest, attorneys' fees and costs associated with all delinquent contributions;

E.    Provide the Funds with such further relief as may be deemed just and equitable by the Court, all at Buddy's cost.

## COUNT II - SUIT TO COLLECT CRF CONTRIBUTIONS

1-11.    CRF re-alleges and incorporates herein by reference paragraphs 1 through 11 of Count I as paragraphs 1 through 11 as if fully stated herein.

12.    CRF is a labor management cooperative committee as that term is defined under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186 (c)(9).

13.    This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185 and 28 U.S.C. § 1331.

14.    Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because this Court has jurisdiction over the parties, and CRF's principal office is located within the geographic jurisdiction of this Court.

15.    Buddy's has not submitted all of its contribution reports to CRF. Buddy's has failed to make timely payment of all contributions acknowledged to be due according to Buddy's own contribution reports and the collective bargaining agreement, and Buddy's has failed to pay interest and liquidated damages required by the CBAs. Accordingly, Buddy's is in breach of its obligations to the CRF under the CBAs.

16.    That upon careful review of all records maintained by CRF, and after application of any and all partial payments made by Buddy's, there is a total of $1,001.75 known to be due to CRF from Buddy's subject to the possibility that additional contributions and liquidated damages will become due while this lawsuit is pending.

WHEREFORE, CRF respectfully requests that the Court:

A. Order Buddy's to submit all delinquent monthly contribution reports;

B. Enter judgment in favor of CRF and against Buddy's for all unpaid contributions, liquidated damages, interest, CRF's reasonable attorneys' fees and costs, including any amounts estimated to be due in view of Buddy's failure to submit all contribution reports required by the CBAs;

C. Enjoin Buddy's to perform specifically its obligations to CRF including timely submission of reports and contributions as required by the plans and the CBAs;

D. Award CRF such further relief as may be deemed just and equitable by the Court, all at Buddy's cost.

## COUNT III - SUIT TO COLLECT UNION DUES

1-12. The Union re-alleges and incorporates herein by reference paragraphs 1 through 12 of Count I as paragraphs 1 through 12 as if fully stated herein.

13. This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185.

14. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Court has jurisdiction over the parties and the Union's principal office is located within the geographic jurisdiction of this Court.

15. Buddy's has not submitted all of its dues reports to the Union. Buddy's has failed to make timely payment of all dues acknowledged to be due according to Buddy's own reports and the collective bargaining agreement. Buddy's is required to pay liquidated damages by the CBAs. Accordingly, Buddy's is in breach of its obligations to the Union under the CBAs.

16. That upon careful review of all records maintained by the Union, and after application of any and all partial payments made by Buddy's, there is a total of $577.06 known to be due to the Union from Buddy's before the assessment of fees and costs subject to the possibility that additional contributions and liquidated damages will become due while this lawsuit is pending.

WHEREFORE, the Union respectfully requests that the Court:

A. Order Buddy's to submit all delinquent monthly dues reports;

B. Enter judgment in favor of the Union and against Buddy's for all unpaid dues, liquidated damages, the Unions reasonable attorneys' fees and costs, including any amounts estimated to be due because Buddy's failed to submit all dues reports required by the CBAs;

C. Enjoin Buddy's to perform specifically its obligations to the Union including timely submission of reports and contributions as required by the plans and the CBAs;

D. Award the Union such further relief as may be deemed just and equitable by the Court, all at Buddy's cost.

## COUNT IV – THE FUNDS' SUIT FOR AN AUDIT

1-10. The Funds re-allege and incorporate herein by reference paragraphs 1 through 10 of Count I as paragraphs 1 through 10 as if fully stated herein.

11. Buddy's is delinquent and has breached its obligations to the Funds and its obligations under the Plans by its refusal to complete an audit as requested by the Funds.

12. The Funds have demanded that Buddy's perform its obligations stated above, but the Company has failed and refused to so perform (attached as Exhibit G).

WHEREFORE, the Funds respectfully request that:

A. An account be taken as to all employees of Buddy's Landscape-Construction, Inc. covered by the collective bargaining agreement as to wages received and hours worked by such employees to determine amounts required to be paid to the Funds, covering the period January 1, 2017 forward;

B. Buddy's be ordered to pay any amounts determined to be due pursuant to such audit;

C. Buddy's be ordered to submit all delinquent monthly contribution reports to the Funds stating the information required to be stated thereon, and to continue submitting such reports while this action is pending;

D. Judgment be entered in favor of the Funds and against Buddy's for all costs of auditing the Company's records, and the Funds' reasonable attorneys' fees and court costs necessarily incurred in this action as specified herein, or as subsequently determined all as provided for in the Plans and in ERISA;

E. Buddy's be permanently enjoined to perform specifically its obligations to the Funds, and in particular, to continue submitting the required reports and contributions due thereon to the Funds in a timely fashion as required by the Plans and by ERISA; and,

F. The Funds receive such further relief as may be deemed just and equitable by the Court, all at the Company's cost.

## COUNT V – CRF SUIT FOR AUDIT

1-11. CRF re-alleges and incorporates herein by reference paragraphs 1 through 11 of Count I as paragraphs 1 through 11 as if fully stated herein.

12. The Company is delinquent and has breached its obligations to the CRF by failing and refusing to complete an audit as requested.

13. CRF has demanded that Buddy's perform its obligations stated above, but the Company has failed and refused to so perform (Exhibit G).

WHEREFORE, CRF respectfully requests that:

A. An account be taken as to all employees of Buddy's Landscape-Construction, Inc. covered by the collective bargaining agreement as to wages received and hours worked by such employees to determine amounts required to be paid to CRF, covering the period January 1, 2017 forward;

B. Buddy's be ordered to pay any amounts determined to be due pursuant to such audit;

C. Buddy's be ordered to submit all delinquent monthly contribution reports to the CRF stating the information required to be stated thereon, and to continue submitting such reports while this action is pending;

D. Judgment be entered in favor of CRF and against Buddy's for all costs of auditing the Company's records, and CRF's reasonable attorneys' fees and court costs necessarily incurred in this action as specified herein, or as subsequently determined all as provided for in the Plans and in ERISA;

E. Buddy's be permanently enjoined to perform specifically its obligations to CRF, and in particular, to continue submitting the required reports and contributions due thereon to CRF in a timely fashion as required by the plans and by ERISA; and,

F. CRF receive such further relief as may be deemed just and equitable by the Court, all at the Company's cost.

Dated: February 19, 2019             Respectfully submitted,

By:   s/ Brad H. Russell
      One of the Attorneys for the Plaintiffs

| Attorneys for Local 150: | Attorneys for the Funds and CRF: |
|---|---|
| Dale D. Pierson (*dpierson@local150.org*) | Dale D. Pierson (*dpierson@local150.org*) |
| Brad H. Russell *(brussell@local150.org)* | Brad H. Russell *(brussell@local150.org)* |
| Local 150 Legal Dept. | Institute for Worker Welfare, P.C. |
| 6140 Joliet Road | 6140 Joliet Road |
| Countryside, IL 60525 | Countryside, IL 60525 |
| Ph: (708) 579-6663 | Ph: (708) 579-6669 |
| Fx: (708) 588-1647 | Fx: (708) 588-1647 |